**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| A.C. and M.D., | : | |
| Plaintiffs, | : | |
| v. | : | CASE NO.: 1:26-CV-148 (LAG) |
| GA, Albany O Blvd, LLC, | : | |
| Defendant. | : | |

# ORDER

Before the Court is Plaintiffs' Motion for Protective Order and Leave to Proceed Anonymously. (Doc. 7). Therein, Plaintiffs request that the Court allow them to bring this action anonymously and grant a protective order pursuant to Federal Rule of Civil Procedure 26(c). (*Id.* at 1). For the reasons below, Plaintiffs' Motion is **GRANTED**.[1]

## BACKGROUND

On October 5, 2026, Plaintiff A.C. filed a Complaint alleging violations of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a). (Doc. 1). Plaintiff also filed a Motion for Protective Order and Leave to Proceed Anonymously, requesting that all materials, documents, pleadings, exhibits, and evidence of any kind filed in the above-captioned matter refer to Plaintiff and her immediate family members (parents and siblings) by pseudonymous initials with no other identifying information. (Doc. 2). Counsel filed an Amended Complaint as a matter of course on October 26, 2026. (Doc. 6). The Amended Complaint listed both A.C. and a second individual, M.D., as Plaintiffs. (*Id.*). Accordingly, Plaintiffs' Counsel filed a second

[1] The Court rules on Plaintiffs' Motion pursuant to Local Rule 7.7, which states that motions "in which the Court may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for filing of opposition thereto" may be considered by the Court immediately after filing. M.D. Ga. L.R. 7.7. "Objections to the motion[] will be entertained even after entry of an order on the motion, however. Any party desiring to submit an objection to . . . the foregoing motion[] must file a written objection within seven (7) days after service of the motion." *Id.*

Motion for Protective Order, seeking leave for both A.C. and M.D. to proceed anonymously. (Doc. 7).

## DISCUSSION

Plaintiffs move to proceed anonymously given that their claims are related to their status as child victims of sex trafficking. (*Id.* at 1). Federal Rule of Civil Procedure 10(a) requires that "[e]very pleading" in federal court "name all the parties." Fed. R. Civ. P. 10(a). "Although this creates a 'strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (per curiam) (quoting *Plaintiff B v. Francisc*, 631 F.3d 1310, 1315 (11th Cir. 2011)). "A party may proceed anonymously by establishing a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal quotations and citation omitted). The Eleventh Circuit has instructed that:

> [w]hether a party's right to privacy outweighs the presumption of openness is a totality-of-the-circumstances question . . . . the first step is to consider whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." Along with these factors, a court should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.

*Id.* (internal quotations and citation omitted).

Furthermore, the Eleventh Circuit has found that when deciding whether to allow a party to proceed under a pseudonym, the Court should consider whether the plaintiff was a minor when the alleged events occurred. *Plaintiff B*, 621 F.3d at 1317 (finding the district court abused its discretion when it denied plaintiff's motion to proceed under pseudonym when the case "involve[d] descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors"). Plaintiffs were minors when

the alleged sex trafficking occurred, the issues in this case involve graphic descriptions of Plaintiffs engaged in sexual activity as a child, and Plaintiffs will admit that they engaged in commercial sex acts. (Doc. 7 at 2–4); *see Plaintiff B*, 631 F.3d at 1318; *see also Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). Additionally, Plaintiffs fear that they and their families may face "retaliation from her sex traffickers." (Doc. 7 at 4–5). In light of Plaintiffs' assertions and the relevant case law, the Court finds that Plaintiffs' right to privacy outweighs the presumption of openness.

## CONCLUSION

Accordingly, Plaintiffs' Motion for Protective Order and Leave to Proceed Anonymously (Doc. 7) is **GRANTED**.[2] All material, documents, pleadings, exhibits, and evidence of any kind filed in this case shall refer to Plaintiffs as A.C. and M.D. and their immediate family members (siblings and parents) by pseudonymous initials with no other additional identifying information.

**SO ORDERED**, this 3rd day of November, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[2] Plaintiff's prior Motion for Protective Order (Doc. 2) will be DENIED as moot, given that the Motion currently before the Court (Doc. 7) grants both Plaintiff A.C. and Plaintiff M.D a protective order as well as leave to proceed anonymously.